## Allegheny Airlines, Inc., et al. *v.* Philadelphia.

Argued December 6, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Bernard J. Smolens,* with him *Ralph S. Snyder* and, of counsel, *Schnader, Harrison, Segal & Lewis; Cleary,*

*Gottleib, Steen & Hamilton; Pepper, Hamilton & Scheetz;* and *Dechert, Price & Rhoads,* for appellants.

*Pace Reich,* Deputy City Solicitor, with him *John M. McNally, Jr.,* First Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, January 26, 1973:

We have, after careful deliberation, reluctantly concluded that it is not possible for us to adjudicate this appeal and that it must be dismissed, without prejudice to the appellants' right to pursue their cause in another action.

On May 31, 1972, there was signed into law an ordinance of the City of Philadelphia imposing a charge of $2.00 upon each ticketed passenger arriving or departing by commercial airline in or from any airport owned by the City of Philadelphia. The appellant airlines thereupon commenced *this action* in equity contesting the validity of *that* enactment. By order made August 2, 1972 the Court of Common Pleas entered its final order upholding a chancellor's adjudication nisi which had sustained the $2.00 charge upon departing passengers but struck down the charge upon arriving passengers. On August 3, 1972, the city enacted an ordinance amending the ordinance of May 31, 1972, by (1) increasing the charge on departing passengers to $3.00, by (2) eliminating any charge upon arriving passengers, and by (3) providing an additional exemption from the charge for members of the United States Military on active duty. On August 8, 1972, the parties filed in the court below a stipulation that the ordinance in its amended condition should be regarded as incorporated in the plaintiffs' complaint as though originally included therein and that all allegations of the parties' pleadings, all testimony, stipulations and "all orders and decrees heretofore and hereafter entered" should

be regarded as applying with equal effect to the ordinance as amended. By the same stipulation the plaintiffs agreed "not to assign, as a basis for their attack on [the ordinance as amended] the $1.00 increase on the enplaning charge. . . ." The parties could have, but did not arrange for a new action testing the validity of the amended ordinance, with stipulation in that case of the record already made. Rather the appellants simply appealed to this court the common pleas court's judgment regarding the original ordinance.

The appellants have here invoked our jurisdiction of appeals from final orders of courts of common pleas in actions where the enforcement of a local ordinance is drawn in question. Section 402(4) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.402(4). Certainly we could review the order below upholding in part and invalidating in part the $2.00 charge. But, as the stipulation and briefs demonstrate, the parties are not interested in our judgment on that matter, now moot. Rather, the parties desire that we decide the issue of the enforceability of the amended ordinance based upon the record made below and the additional stipulated fact that the amended ordinance was enacted. This would not be appellate review but the initial determination of a new case and, as we shall show, a markedly different case from that decided below. The jurisdiction of this court is entirely statutory. We have not been given original jurisdiction to determine the enforceability of local ordinances; litigants cannot confer it upon us and we may not assume it even where, as here, it might conceivably speed the ultimate decision of an important case.

Our conclusion is not merely technical. The appellants contended below that the original ordinance offended the uniformity clause of the Pennsylvania Constitution, Article 8, Section 1. They contend here that

the amended ordinance lacks uniformity. On this point, the fact that the amended ordinance created a new exemption has significance. The appellants additionally argue that the amended ordinance imposes an unconstitutional burden on interstate commerce. The $2.00 charge on departing passengers upheld below would produce $7,000,000 per year from the 3,500,000 departing passengers; the $3.00 charge would produce $10,500,000. The city's chief fiscal officer produced financial data which, if accepted, would indicate a current yearly deficit from the operations of the city's airports of $8,750,000. One of the standards for judgment of constitutional validity under the Commerce Clause of the United States Constitution is the relationship of the fees collected to the costs incurred by the taxing authority. *Evansville-Vanderburgh Airport Authority District v. Delta Airlines*, 405 U.S. 707, 92 S. Ct. 1349, 31 L. Ed. 2d 620 (1972). The parties by stipulation would have us assume that the court below would have upheld the amended ordinance despite the increase in revenues over the amount it concluded to be valid. But the fact is that it made no decision regarding the $3.00 charge or the ordinance in its present form. It, not we, has jurisdiction to do so in the first instance.

Appeal dismissed, without prejudice to the appellants' right to commence such action in the court below as they deem appropriate to contest the validity of the ordinance as amended and without prejudice to the right of any party to appeal from any orders entered in such action, according to law.